## BURCH *v.* ATLANTIC LIFE INSURANCE COMPANY.

Where in an equitable suit injunction is sought by petitioner, alleging that four certain interest notes are in the possession of the defendant, that the latter is not entitled, under the facts alleged, to enforce or collect these notes, but that the defendant is threatening to transfer the same to third parties; and where the prayers are for delivery up of the notes and injunction against their transfer; and the answer concedes that the defendant is not entitled to enforce the collection of the interest notes referred to, alleging that it has not sought to collect them or to transfer them, and offers to surrender them into court; and the court thereupon, at the hearing, adjudges and decrees that, upon the delivery of the said interest notes to the clerk of a city court in which suit upon the principal debt has been brought, the injunction be refused and the restraining order theretofore granted be dissolved, the petitioner has obtained under such an order all the equitable relief to which he is entitled, and his exception to the order is without merit.

No. 5290. JUNE 21, 1926. REHEARING DENIED JULY 17, 1926.

Petition for injunction. Before Judge W. E. Thomas. Thomas superior court. December 2, 1925.

*James B. Burch,* for plaintiff.

*George H. Harris,* for defendant.

BECK, P. J. The plaintiff filed his petition for injunction against the Atlantic Life Insurance Company, a non-resident cor-

poration, showing that the latter had brought suit against petitioner in the city court of Thomasville upon two certain promissory notes, one for $5,000 due January 1, 1928, and the other for $500 due January 1, 1921, and also upon a certain note for interest in the sum of $325 due January 1, 1924; it being alleged in said suit that the maturity of the notes had been accelerated by default in the payment of interest due, under conditions contained in the principal note. Petitioner did not deny owing the notes actually sued upon in the city court, but alleged that the defendant company is in possession of four interest notes falling due, respectively, on the first day of January, 1925, 1926, 1927, and 1928, and refuses to surrender them; and alleges further that petitioner is informed and believes that defendant is about to transfer the four interest notes referred to to third parties. The prayers are, among others, that the defendant be enjoined from prosecuting the suit in the city court, and from transferring the four interest notes last referred to, and be compelled to deliver them up to be cancelled; and that petitioner have an accounting. The defendant in its answer admitted possession of the interest notes, but denied that it had refused to deliver them or that it was about to transfer them to third parties; alleged that it has never claimed since January 1, 1924, any right of action on the four interest notes, and has never thought of transferring them; says that it is ready to surrender the interest notes in controversy, and so stated to plaintiff's counsel; that it produces the notes in court and tenders them to petitioner. The answer was duly verified.

At the hearing the verified petition and answer were read, together with a duly certified copy of the suit pending in the city court. No other evidence was introduced, and the judge passed an order in which it was adjudged that, "After hearing, the injunction is denied and the restraining order dissolved upon defendant's filing with the clerk of the city court of Thomasville the notes complained of in terms of defendant's answer." This order, of course, embraced the four interest notes against the transfer of which petitioner sought injunction; and that being true, the petitioner had all the protection which he was entitled to or could claim, and the refusal of unconditional injunction was not error.

*Judgment affirmed. All the Justices concur.*